**Jesus NAVARRETE–JURADO, Petitioner,**

v.

**Jefferson B. SESSIONS III, Attorney General, Respondent.**

No. 15–73108

United States Court of Appeals, Ninth Circuit.

Submitted September 26, 2017 *

OCTOBER 3, 2017

Jesus Navarrete–Jurado, Tacoma, WA, pro se.

---

** This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36–3.

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

OIL, Edward Earl Wiggers, Esquire, U.S. Department of Justice, Washington, DC, Chief Counsel ICE, Office of the Chief Counsel Department of Homeland Security, San Francisco, CA, for Respondent.

Before: SILVERMAN, TALLMAN, and N.R. SMITH, Circuit Judges.

### MEMORANDUM **

Jesus Navarrete–Jurado, a native and citizen of El Salvador, petitions pro se for review of an immigration judge's ("IJ") determination under 8 C.F.R. § 1208.31(a) that he did not have a reasonable fear of persecution or torture and thus is not entitled to relief from his administrative removal order. Our jurisdiction is governed by 8 U.S.C. § 1252. We review for substantial evidence the IJ's factual findings, *Andrade–Garcia v. Lynch*, 828 F.3d 829, 833 (9th Cir. 2016), and we review de novo whether the statutory right to counsel was violated, *Mendoza–Mazariegos v. Mukasey*, 509 F.3d 1074, 1079 (9th Cir. 2007). We deny the petition for review.

We reject the government's contention that the court does not have jurisdiction over this petition for review. *See Martinez v. Sessions*, 863 F.3d 1155, 1159–60 (9th Cir. 2017).

Substantial evidence supports the IJ's conclusion that Navarrete–Jurado failed to establish a reasonable possibility of future persecution in El Salvador on account of a protected ground. *See Zetino v. Holder*, 622 F.3d 1007, 1016 (9th Cir. 2010) ("An [applicant's] desire to be free from harassment by criminals motivated by theft or random violence by gang members bears no nexus to a protected ground.").

Substantial evidence also supports the IJ's conclusion that Navarrete–Jurado failed to demonstrate a reasonable possibility of torture by the Mexican government, or with its consent or acquiescence. *See Andrade–Garcia*, 828 F.3d at 836–37.

We reject Navarrete–Jurado's contention that the agency denied his right to counsel. *See Tawadrus v. Ashcroft*, 364 F.3d 1099, 1103 (9th Cir. 2004) (explaining requirements for waiver of right to counsel). Navarrete–Jurado's contentions that there were other errors by the agency are not supported by the record.

**PETITION FOR REVIEW DENIED.**

---

** This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36–3.